[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14523
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cr-00003-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX VEIGA,

Defendant-Appellant.

_____

No. 11-14637
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cr-00003-BAE-GRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ACIEL ALONSO,

a.k.a. Alonso Aciel,

Defendant-Appellant.

————————————————

Appeals from the United States District Court

for the Southern District of Georgia

————————————————

(February 14, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellants Felix Veiga and Aciel Alonso appeal their 48-month sentences, twice the applicable guideline range, after pleading guilty to unauthorized possession of 15 or more credit cards, in violation of 18 U.S.C. § 1029(a)(3). Appellants argue that their respective sentences are unreasonable. However, we conclude, for reasons set forth below, that the district court properly calculated the guidelines range and considered the appropriate factors and arrived at a reasonable sentence in each instance.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008). The reasonableness review consists of two steps. *Id.* First, we must check for procedural error, such as improperly calculating the guidelines range, treating the guidelines as mandatory,

failing to consider the factors set forth in 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.*

Second, we must review the substantive reasonableness of a sentence. *Id.* "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (quotations and alteration omitted). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

When sentencing a defendant, a district court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the kinds of sentences available; (4) the sentencing guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Facts in the presentence investigation report ("PSI") are undisputed and deemed to be admitted unless a party objects to them. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). Accordingly, all argument on appeal that such facts are in error is precluded. *Id.*

We conclude from the record that Veiga and Alonso's sentences are reasonable. The facts used to calculate guideline enhancements were taken from the PSI and not objected to before the district court. The facts contained in the PSI were accurate and the enhancements were correctly calculated, making appellants'

respective sentences procedurally reasonable. Similarly, the record demonstrates that the district court correctly considered all of the appropriate factors when arriving at appellants' sentences. The district court did not abuse its discretion when it determined that the criminal activity in this case was particularly troublesome, in light of the amount of fraudulent activity and the sophisticated nature of the fraud. The district court properly determined that higher sentences were necessary to deter confederates of Veiga and Alonso from engaging in similar criminal conduct. Accordingly, the appellants' respective sentences were also substantively reasonable.

For the above-stated reasons, we affirm Veiga and Alonso's sentences.

**AFFIRMED.**